UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEWIS ELDON HUFFINE, ) | Case No.  C07-1451-RSL-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Lewis Eldon Huffine, appearing *pro se*, recently filed an application to proceed *in forma pauperis* ("IFP") and a proposed 42 U.S.C. § 1983 complaint. Dkt. Nos. 1, 4, 5. Plaintiff names George Bush, Alberto Gonzales, and Robert Mueller, among others, as defendants, and refers at length to United States District Judge Donald Molloy in the body of the complaint. *Id.*

Plaintiff's complaint asserts the following facts:  that Judge Molloy violated plaintiff's rights by "refus[ing] to allow [him] to withdraw [his] guilty plea entered spontaneously before Judge Singleton of Alaska," for sentencing him to six months for a "'cooling off period,'" and that while he was incarcerated in Colorado, "[plaintiff] was clinically 'killed' by drowning" by another inmate "even though [he] had repeatedly complained to BOP guards about [that inmate]." Dkt. No. 1 at 2-3.  This conduct, according to plaintiff, has caused him to suffer

"constitutional and irreparable damage and lifetime injury." Dkt. No. 1 at 4. Damages of $50,000,000 are requested. *Id*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss an action if, among other things, it is frivolous or if the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff fails to allege sufficient facts to place defendants on notice of the nature of his claims, or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). The complaint also appears to name as defendants governmental actors who enjoy immunity from suit. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The only portion of this complaint which may state a claim upon which relief could be granted is the allegation against unspecified Colorado-based BOP guards for deliberate indifference. Dkt. No. 1 at 3. However, even if this claim were factually sufficient, this Court lacks personal jurisdiction to hear such a claim. A two-part test determines whether personal jurisdiction exists: first, the Court must look to the long-arm statute of the forum state, and second, the Court must determine whether application of the statute is consistent with due process. *Taubler v. Giraud*, 655 F. 2d 991, 993 (9th Cir. 1981). Washington's long-arm statute provides for personal jurisdiction to the limits of federal due process. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994). The classic due process analysis looks to whether the defendant has "minimum contacts" with the forum state such that exercising jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The alleged injury

occurred in Colorado. Dkt. No. 1 at 3. Plaintiff has not shown that any of the Colorado-based BOP guards have had any contact with the state of Washington. Furthermore, plaintiff has failed to establish that there is any other basis to establish personal jurisdiction over the BOP guards. If the plaintiff chooses to bring an action against the BOP guards, he must do so in a forum in which jurisdiction would be proper, such as the District of Colorado.

The Court advises plaintiff of his responsibility to research the facts and law before filing an action to determine whether his action is frivolous. If he files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. If plaintiff files numerous frivolous or malicious actions, the court has the authority to bar him from proceeding on an IFP basis in the future. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Accordingly, because of the deficiencies in plaintiff's complaint, this action—save for the deliberate indifference claim—should be DISMISSED with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's deliberate indifference claim should be DISMISSED without prejudice.[1] Furthermore, this dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g). A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an amendment to his Complaint, he should lodge an Amended Complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 12th day of October, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT AND RECOMMENDATION
PAGE - 3